**Simon Andres ACEVEDO–RAMIREZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–73897.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2014.*

Filed Feb. 25, 2014.

Bashir Al–Nouri, Los Angeles, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Oil, Richard Zanfardino, Trial, Corey Leigh Farrell, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

*See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Simon Andres Acevedo–Ramirez, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo due process claims. *See Zetino v. Holder,* 622 F.3d 1007, 1011–12 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the agency's determination that Acevedo–Ramirez failed to establish past mistreatment or a fear of future mistreatment in Colombia on account of a protected ground. *See Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir.2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino,* 622 F.3d at 1016 ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Consequently, his withholding of removal claim fails.

The BIA found Acevedo–Ramirez did not contest the IJ's finding that his asylum application was untimely and that no exception to the one-year filing deadline applied. Acevedo–Ramirez does not chal-

lenge the BIA's finding. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996). Even if his asylum application were timely, Acevedo–Martinez's asylum claim would fail. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

Acevedo–Martinez does not raise any substantive challenge to the denial of his CAT claim. *See Martinez–Serrano,* 94 F.3d at 1259 ("[i]ssues raised in a brief that are not supported by argument are deemed abandoned").

We reject Acevedo–Martinez's due process contentions regarding the IJ's treatment of his claim. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

Finally, we reject Acevedo–Martinez's request for a remand.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.